■ GEORGE CHRIST, JR., Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of respondent dated January 31, 1984, which, after a hearing, sustained certain disciplinary charges which had been preferred against petitioner and ordered his dismissal from the New York City Transit Authority Police Department.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Petitioner was charged with having discharged a firearm and failing to notify the departmental communications unit of that discharge without delay, to promptly report all of the facts of the incident to the communications unit, and, believing the person in whose direction the firearm was discharged to be wounded, failing to promptly ascertain if medical attention was required. Petitioner's uncontested version of the incident giving rise to the disciplinary proceeding is as follows:

Shortly after 6:00 A.M., while off duty, petitioner was driving his own van to meet his fiancée for breakfast. In the vicinity of the Hempstead Long Island Railroad station, petitioner was flagged down by someone who appeared to be a woman in distress. Petitioner opened up the door, and the woman brandished a knife and, speaking with a man's voice, demanded petitioner's money. Petitioner announced he was a police officer and the knife wielder fled. Petitioner pursued him down an alleyway, turned a corner and came upon the knife wielder and three others. Petitioner drew his revolver and was confronted by the knife wielder and the other three individuals who had formed a semicircle. Petitioner again announced that he was a police officer and ordered that no one move. The knife wielder lunged at him. One of the other individuals, also brandishing a knife, advanced on petitioner. Petitioner fired

one shot at the latter assailant. Petitioner chased the other three for a short distance until he thought they were obtaining a firearm. Petitioner, fearing for his life, fled to his van and drove to his home which was several miles away. Petitioner called the lieutenant on duty in his district at sometime between 6:55 A.M. and 7:05 A.M., but did not provide more than minimal details of the incident. There was, therefore, substantial evidence to support the determination that petitioner failed to promptly report all the facts of the incident, and did not ascertain whether the individual at whom petitioner shot required medical attention.

Under the circumstances, the penalty imposed was not " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.